UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GS HOLISTIC, LLC,

                Plaintiff,

-v-

AMAZING STORE & SMOKE SHOP INC. d/b/a
AMAZING STORE & SMOKE SHOP, et al.,

                Defendants.

CIVIL ACTION NO. 25 Civ. 4770 (JAV) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

This case is referred to the undersigned for general pretrial supervision. (ECF No. 7). On June 5, 2025, Plaintiff GS Holistic, LLC ("GS") filed a complaint (ECF No. 1 (the "Original Complaint")) against Defendants Amazing Store & Smoke Shop Inc. d/b/a Amazing Store & Smoke Shop (the "Store") and Mohammad Salim Sheikh ("Mohammad") (collectively, the "Original Defendants") alleging trademark infringement, counterfeiting, and false designation of origin and unfair competition, under the Lanham Act (15 U.S.C. § 1051 et seq.) arising out of the Original Defendants' alleged offering for sale of certain reproductions, counterfeits, copies, and/or colorable imitations of one or more trademarks owned by GS, without the consent of GS. (ECF No. 1 at 1, 9–19).

On July 25, 2025, GS served the Original Complaint on the Original Defendants, (ECF Nos. 11–13), making the Original Defendants' deadline to respond to the Complaint August 15, 2025. See Fed. R. Civ. P. 12(a)(1)(A)(i). On August 18, 2025, the Original Defendants having failed to respond to the Complaint, the Court sua sponte extended Defendant's deadline to respond to the Complaint up to and including August 29, 2025. (ECF No. 14).

On August 21, 2025, GS filed an amended complaint (ECF No. 15 (the "Amended Complaint") adding as a defendant in the caption, Saleha Dadabhai Sheikh ("Saleha"), who allegedly owns, controls, and directs the activities of the Store. (ECF No. 15 at 1, 3). In comparing the Original Complaint with the Amended Complaint, the Court notes that GS referenced Saleha in the Original Complaint (ECF No. 1 at 1, 3, 11, 12, 20) but failed to list her in the Original Complaint's caption. (ECF No. 1 at 1). The only revision in the Amended Complaint thus appears to be the addition of Saleha in the caption. (ECF No. 15 at 1).

The Court first notes that GS filed its Amended Complaint past the 21-day deadline to amend as of right. See Fed. R. Civ. P. 15(a). GS did not seek leave to amend, nor did it file proof of the Original Defendants' or Saleha's written consent to the amendment. Fed. R. Civ. P. 15(a). A court "should freely give leave" to amend a pleading, however, "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Rule encourages courts to determine claims "on the merits" rather than disposing of claims or defenses based on "mere technicalities." Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 283 (2d Cir. 2000). The Second Circuit has explained that "district courts should not deny leave [to amend] unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." Friedl v. City of New York, 210 F.3d 79, 87 (2d Cir. 2000). Courts in this District have held that denial of a motion to amend is appropriate where "(1) the movant is guilty of undue delay, (2) the movant has acted in bad faith, (3) the amendment would be futile, or (4) the amendment would prejudice the opposing party." Procter & Gamble Co. v. Hello Prods., LLC, No. 14 Civ. 649 (VM) (RLE), 2015 WL 2408523, at *1 (S.D.N.Y. May 20, 2015) (citing State Tchrs. Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)).

As an initial matter, the Original Defendants have not yet responded to the Original Complaint, nor have they opposed GS' filing of the Amended Complaint. Thus, the Original Defendants have not shown that GS unduly delayed in filing the Amended Complaint, acted in bad faith or with dilatory purposes, or caused the Original Defendants any prejudice. See Red Black Tree, D.O.O. v. Hotel Credits, Inc., No. 22 Civ. 7834 (JGK) (SLC), 2023 WL 8039360, at *4–5 (S.D.N.Y. Nov. 20, 2023) (granting motion to amend complaint to add parties and a claim where defendants did not respond to the motion and where the proposed amendments were not plainly futile). Moreover, even though GS has not moved for leave to amend the Original Complaint, GS has met the liberal standard for amendment under Rule 15(a)(2) because, at a minimum, the naming of Saleha, who was referenced in the Original Complaint (ECF No. 1 at 1, 3, 11, 12, 20) and who allegedly owns the Store and controls and directs its activities (ECF No. 15 at 4–5) is not "so plainly futile that leave to amend would be improper." Red Black Tree, 2023 WL 8039360, at *5 (citation omitted).

Accordingly, it is ORDERED as follows:

(1) The Court designates the Amended Complaint at ECF No. 15 as the operative Complaint.

(2) On or before **September 22, 2025**, Plaintiff shall serve the Original Defendants with the Amended Complaint and shall serve Saleha with both a summons and the Amended Complaint, and file proof of such service on the docket.

(3) The Original Defendants and Saleha shall respond to the Amended Complaint **within twenty-one (21) days from the date of service**.

Dated:     New York, New York
           August 25, 2025

3

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

4