UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
                                          :

GS HOLISTIC, LLC,                        :

                                          :            25-CV-04770 (JAV) (SLC)
                         Plaintiff,      :

                                          :           <u>ORDER ADOPTING</u>
          -v-                          :           <u>REPORT AND</u>
                                          :           <u>RECOMMENDATION</u>
AMAZING STORE & SMOKESHOP INC d/b/a   :
AMAZING STORE & SMOKE SHOP, MOHAMMED   :
SALIM SHEIKH, AND SALEHA DADABHAI SHEIKH, :
                                          :
                      Defendants.    :
------------------------------------------------------------------------ X

JEANNETTE A. VARGAS, United States District Judge:

      Plaintiff GS Holistic, LLC ("Plaintiff") initiated this action in June 2025.  This case was

then referred to Magistrate Judge Sarah L. Cave for General Pretrial purposes.  ECF No. 7.  On

August 21, 2025, Plaintiff filed an Amended Complaint to recover damages and enjoin

Defendants Amazing Store & Smoke Shop Inc. d/b/a Amazing Store & Smoke Shop (the

"Store"), Mohammad Salim Sheikh ("Mohammad"), and Saleha Dadabhai Sheikh ("Saleha")

(collectively, "Defendants") from continued infringement of Plaintiff's G PEN Trademarks.[1]

ECF No. 15.  Defendants did not submit a response to the Amended Complaint, even after Judge

Cave *sua sponte* extended the deadlines to do so.  ECF Nos. 21, 25.  On December 15, 2025,

Plaintiff filed a Motion for Default Judgment as to all Defendants (the "Motion").  ECF No. 49.

The referral to Judge Cave was amended to include a Report and Recommendation ("R&R") on

the Motion for Default Judgment and an inquest on damages.  ECF No. 55.  In the Report and

---

[1] As thoroughly discussed in Judge Cave's R&R, in the Motion, Plaintiff argues that Defendants infringed on Plaintiff's four Stüdenglass Trademarks, however, Plaintiff only alleges Defendants infringement on the G PEN Trademarks in the Amended Complaint.  ECF No. 55 at 3, FN 2.  Consequently, the Court declines to consider the Stüdenglass Trademarks in connection with the Motion because Plaintiff did not essentially depend on them in the Amended Complaint, but instead relied on the G PEN Trademarks.  *Id.*

Recommendation filed on May 6, 2026 ("R&R or "Report and Recommendation"), Magistrate Judge Cave recommended that Plaintiff be awarded $50,000.00 in statutory damages for each of the nine G PEN Trademarks, for a total of $450,000.00; $440.00 in costs; and post-judgment interest pursuant to 28 U.S.C. § 1961.  ECF No. 59.  Magistrate Judge Cave also recommended that the Court enter a permanent injunction against the Store for continued infringement of Plaintiff's G PEN Trademarks and require Defendants to deliver, for the purpose of destruction, anything bearing the G PEN Trademarks, without Plaintiff's authorization, and under Defendants' possession, custody or control.  *Id.*

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  Conclusory or general objections that merely refer the district court to previously filed papers or arguments do not constitute proper objections under Rule 72(b).  *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022).  To accept those portions of the report to which no timely or proper objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.  *See id.* at 120 & n.4.

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the R&R to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object.  *See* ECF No. 59.  In addition, the Report and Recommendation expressly called Defendants' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  The docket reflects that Defendants

Mohammed and the Store were served with a copy of the R&R by mail on May 19, 2026.[2] ECF No. 61. Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Defendants have waived the right to object to the Report and Recommendation or to obtain appellate review. *See Miller*, 43 F.4th at 120.

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds it to be thorough, well reasoned and comprehensive. Having found no errors, the Court ADOPTS the Report and Recommendation in its entirety.

## CONCLUSION

Accordingly, IT IS ORDERED AND ADJUDGED that the Report and Recommendation is ADOPTED in its entirety. The Clerk of Court is directed to enter judgment as follows:

1) Permanently enjoining Defendant Amazing Store & Smoke Shop Inc. d/b/a Amazing Store & Smoke Shop and its agents, employees, officers, directors, owners, representative, successor companies, related companies, and all persons acting in concert or participation with it from the import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment licensing, development, display, delivery, marketing, advertising or promotion of the counterfeit G PEN product identified in the Amended Complaint and any other unauthorized G PEN product, counterfeit, copy or colorful imitation thereof;

2) Awarding Plaintiffs statutory damages against Defendants jointly and severally in the amount of $450,000;

---

[2] Although Defendant Saleha was not served with Judge Cave's R&R, service is not required "on a party who is in default for failing to appear." FRCP Rule 5(a)(2).

3) Awarding Plaintiffs costs against Defendants jointly and severally in the amount of $440.00; and

4) Post-judgment interest at the statutory rate.

The Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: June 5, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge